United States District Court
Southern District of Texas
**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA GAYLE SIMON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-04472 |
| | § | |
| UNITED STATES EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, initiated this case on September 11, 2025 by filing a form Complaint for a Civil Case against the United States Equal Employment Opportunity Commission (EEOC).  ECF 1.  The EEOC filed a Motion to Dismiss on May 1, 2026 seeking dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and alternatively pursuant to Rule 12(b)(6) for failure to state a claim.  ECF 14.  On June 1, 2026, the Court granted Plaintiff's Motion for Leave to Amend (ECF 16, as corrected by ECF 20) and deemed her Amended Complaint to be her operative pleading.   ECF 22.

Plaintiff's Amended Complaint names only Aviva Metals, Inc. as Defendant. ECF 16-1.  The Amended Complaint asserts a claim against Avivi Metal for race discrimination in violation of 28 U.S.C. § 1981.  *Id.*  The Amended Complaint contains no allegations of wrongdoing by the EEOC.  *Id.*  The Amended Complaint

supersedes the original Complaint in its entirety. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (holding "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). Therefore, Plaintiff's Amended Pleading effectively dismisses the EEOC as a defendant in this case.

In addition, the Court lacks subject matter jurisdiction over Plaintiff's claims against the EEOC related to its handling of her EEOC charge against her employer, Aviva Metals. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002), holding that "Title VII does not confer on a charging party a right of action against the EEOC.). An agency of the United States cannot be sued unless Congress has expressly waived sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538, (1980) (holding "it is elementary" that the United States is immune from suit unless it consents to sued). Congress has not waived sovereign immunity to allow for suits such as this one against the EEOC. A dismissal for lack of subject matter jurisdiction is without prejudice. *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017).

For the above reasons, the Court recommends the EEOC's Motion to Dismiss (14) be GRANTED and Plaintiff's claims against the EEOC be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 01, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge